IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-00207-01-CR-W-HFS |
| ) | |
| ) | |
| RICHARD JAMES, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant's Motion to Dismiss for Pre-Indictment Delay, which was filed on December 17, 2019. Doc. 18. The Government filed Suggestions in Opposition on January 31, 2020. Doc. 25. For the reasons set forth below, it is recommended that Defendant's motion be DENIED.

### I. BACKGROUND

On June 25, 2019, the Grand Jury returned a three-count indictment against Defendant James. Doc. 1. On July 22, 2020, the Grand Jury returned a three-count superseding indictment against Defendant James. Doc. 31. In Count One, Defendant is charged with knowingly and intentionally possessing with an intent to distribute five grams or more of methamphetamine. Count Two charges Defendant with knowingly possessing a firearm in furtherance of a drug trafficking crime. Count Three charges that Defendant, knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, possessed a firearm. All counts allege that the offenses occurred on or about November 17, 2016.

On October 16, 2020, the undersigned held an evidentiary hearing on Defendant's motion. Mr. James was present and represented by counsel, Jedrick Burgos Amador. The Government was

represented by Assistant United States Attorney Robert Smith.  At the evidentiary hearing, one witness testified: Federal Public Defender Investigator Gina Slack.[1]  Additionally, there was one exhibit admitted into evidence: Government's Exhibit 1 – Memorandum Report of Gina Slack.

## II. FINDINGS OF FACT

On the basis of the evidence adduced at the evidentiary hearing, the undersigned submits the following:

1. On November 17, 2016, Christopher Stephen Gray was driving a vehicle in which Defendant was the passenger.  Tr. at 15-16.[2]

2. Mr. Gray and Defendant were pulled over by police.  Tr. at 22.

3. On June 25, 2019, the initial indictment in this matter was returned by the Grand Jury.  Doc. 1.

4. Defendant was arraigned on the initial indictment on September 18, 2019.  Doc. 9.

5. In early March 2020, FPD Investigator Gina Slack ran an "Accurint" search to locate any contact information for Mr. Gray.  Tr. at 5.

6. According to Investigator Slack, Accurint is a LexisNexis search engine with self-reported data that she used to find contact information for specific individuals.  Tr. at 5-6.

7. Ms. Slack also called the phone number that Mr. Gray provided to the police on November 17, 2016, which she determined had been disconnected.  Tr. at 5-6.

---

[1] Defendant's initial motion refers to another investigator from the Federal Public Defender's Office, Kendra Jackson, as the individual who initially attempted to contact Mr. Gray.  According to the motion, Ms. Jackson was unsuccessful in her contact attempts.  Doc. 18 at 4-5.  However, as shown at the evidentiary hearing, the Federal Public Defender's Office had a separate investigator, Gina Slack, who made contact with Mr. Gray at a later time.  Ms. Slack was the individual who testified at the hearing before this Court.  Ms. Jackson did not testify.

[2] "Tr." refers to the Transcript of Hearing on Motion to Dismiss.  Doc. 48.

8. Also in early March 2020, Ms. Slack called and left a message for Catherine Olvaries, who she had determined lived with Mr. Gray at his listed residence. Tr. at 8.

9. At approximately 7:45 a.m., on March 10, 2020, Ms. Slack went to 712 SE London Way, Unit D, Lee's Summit, Missouri in an attempt to locate Mr. Gray. Tr. at 8.

10. Ms. Slack stayed outside the residence until almost 11:00 a.m. and did not observe anyone leave the residence, so she knocked on the front door. Tr. at 9.

11. When no one answered, Ms. Slack left her business card on both the front door of the residence, and the windshield of a blue/green Chevrolet TRAX bearing the Missouri license plate of FJ6LOL. Tr. at 9.

12. On March 11, 2020, Ms. Olvaries left a voicemail for Ms. Slack stating that Mr. Gray was her nephew. Tr. at 10.

13. When Ms. Slack attempted to return Ms. Olvaries's call, she was unsuccessful, but she left a voicemail. Tr. at 11.

14. On March 12, 2020, Ms. Slack again attempted to contact Mr. Gray by knocking on the door at 712 SE London Way, Unit D, Lee's Summit, Missouri. Tr. at 11.

15. When no one answered the door, Ms. Slack called Ms. Olvaries and left another voicemail. Tr. at 11.

16. Later that day, Ms. Olvaries returned the phone call, informing Ms. Slack that Mr. Gray would be calling. Tr. at 11.

17. On March 13, 2020, Ms. Slack received a "no caller id" phone call from Mr. Gray whose identity was verified by the date of birth he provided. Tr. at 14.

18. Investigator Slack testified Mr. Gray told her that he did not wish to testify at trial. Tr. at 24.

19. During this same call, Ms. Slack asked Mr. Gray about the alleged incidents that occurred on November 17, 2016. Tr. at 15-24.

20. According to Ms. Slack, Mr. Gray told her that the cash he had on him when he and Defendant were pulled over was from his employment for a vending machine company. Tr. at 16-18.

21. According to Ms. Slack, Mr. Gray asked the investigator to tell Defendant that Mr. Gray would be there if Defendant needs anything. Tr. at 24.

22. At the conclusion of the call, Mr. Gray would not provide his phone number to Ms. Slack. Tr. at 23.

23. Since her telephone conversation with Mr. Gray in March 2020, Ms. Slack has taken no additional efforts to locate or re-contact Mr. Gray. Tr. at 25, 36-37.

### III.  DISCUSSION

Defendant seeks to dismiss Counts One and Two of the indictment due to pre-indictment delay. Doc. 18, at 1. Defendant argues he has been prejudiced because the only non-law enforcement witness to the events alleged in the indictment is "unavailable." *Id*. at 4. Defendant argues Mr. Gray would testify at trial that the $4,675 found on his person during the November 17, 2016 traffic stop was not traceable to Defendant in any way, and that his testimony could have supported a simple possession theory of defense as opposed to the charge of possession with intent to distribute alleged in Count One of the indictment. *Id*. at 5-6.

A criminal defendant's right to a prompt indictment is protected by two considerations: the appropriate statute of limitations and the Due Process Clause of the Fifth Amendment. *United States v. Marion*, 404 U.S. 307, 322-24 (1971); *see also United States v. MacDonald*, 456 U.S. 1, 7 (1982) ("Any … delay before charges are filed must be scrutinized under the Due Process Clause, not the Speedy Trial Clause.")  "[T]he applicable statute of limitations . . . is . . . the primary

4

guarantee against bringing overly stale criminal charges." *Marion*, 404 U.S. at 322 (*quoting United States v. Ewell*, 383 U.S. 116, 122 (1966)). In this case, the applicable five-year statute of limitations, 18 U.S.C. § 3285, does not constrain the Government from prosecuting Defendant with regard to the alleged events of November 17, 2016.[3] In addition to the statute of limitations, the Due Process Clause has a "limited role" to play in protecting against oppressive delay. *United States v. Lovasco*, 431 U.S. 783, 789 (1977). Consequently, since the charges in this case were filed within the statute of limitations, Defendant may obtain relief based on alleged pre-indictment delay only if he can establish the delay violates the Due Process Clause.

To establish a Fifth Amendment Due Process violation for pre-indictment delay, a defendant must show: (1) the delay resulted in actual and substantial prejudice to the presentation of his defense, and (2) the Government intentionally delayed his indictment either to gain a tactical advantage or to harass him. *United States v. Jackson*, 446 F.3d 847, 849 (8th Cir. 2006); *see also Lovasco*, 431 U.S. at 790. "[A] defendant must overcome a high hurdle when contending that a pre-indictment delay that does not violate the statute of limitations is violative of the due process clause." *Jackson*, 446 F.3d at 849.

**A.     Actual and Substantial Prejudice**

To demonstrate actual and substantial prejudice, the defendant must "identify specific witnesses or documents lost during the delay and the information they would have provided." Further, the defendant must carry the burden to show that the missing testimony or information is not available through other sources. *Id.* at 852; *see also United States v. Gladney*, 474 F.3d 1027, 1031 (8th Cir. 2007). Thereafter, a court must make "an assessment of the nature and degree of the prejudice resulting from the missing evidence . . . in light of the overall strength of the

---

[3] The initial indictment was returned on June 25, 2019, approximately two years and seven months after the alleged traffic stop. Doc. 1.

5

government's case." *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998). As a consequence, "[a]lleged prejudice is insufficient to establish a due process violation if it is insubstantial, speculative, or premature." *Jackson*, 446 F.3d at 851.

In this case, there is no evidence of any documents being lost between the time of the alleged incident and the indictment. Instead, Defendant's motion to dismiss hinges upon the determination that Mr. Gray is in fact "unavailable," and that without his testimony, Defendant will suffer prejudice. The evidence presented at the evidentiary hearing, however, did not conclusively establish that Mr. Gray is unavailable. Defendant's investigator testified that she was able to locate and speak with Mr. Gray by telephone within approximately three days of the start of her investigation. The defense investigator's successful contact with Mr. Gray, coupled with the fact that Defendant has made no additional efforts to contact Mr. Gray or serve a trial subpoena on him since the initial contact with him in March 2020, require this Court to find Defendant has not met his burden of showing Mr. Gray is unavailable. Moreover, the Court was not provided any testimony or evidence that if the Court ordered his appearance, Mr. Gray would refuse to appear as directed. The March 2020 conversation with the defense investigator does not rise to the level of showing current witness unavailability for purposes of a claim of improper pre-indictment delay. For this reason alone, the Court recommends denial of Defendant's Motion to Dismiss.

**B.      Government Intentionally Delayed**

Even if Defendant had met his burden to establish Mr. Gray is unavailable and actual prejudice will occur, this Court recommends denial of Defendant's Motion to Dismiss because Defendant failed to meet his burden under the second prong of the test for pre-indictment delay. Defendant also bears the burden of establishing the Government intentionally delayed his indictment to gain a tactical advantage, or to harass him. *See Id*. at 849. A delay is "tactical" if it

is "engineered to impair the defendant's ability to mount an effective defense by causing him to lose evidence or witnesses." *United States v. Dennis*, 625 F.2d 782, 794 (8th Cir. 1980). "[P]rosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied that they will be able to establish the suspect's guilt beyond a reasonable doubt." *Lovasco*, 431 U.S. at 791.

Defendant failed to show any intentional delay by the Government. Instead, the Government argued the gap in time between the alleged incident and the return of the initial indictment was a standard investigative period of time. Defendant presented no contrary evidence. There is no evidence in this record that the Government delayed filing charges in this case to gain a tactical advantage or to harass Defendant. Because Defendant failed to establish the Government intentionally delayed the indictment, it is recommended that Defendant's Motion to Dismiss should be denied on this basis as well.

## IV. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion to Dismiss for Pre-Indictment Delay. Doc. 18.

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: October 23, 2020        */s/ W. Brian Gaddy*
                              W. BRIAN GADDY
                              UNITED STATES MAGISTRATE JUDGE