IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-00207-CR-W-HFS |
| ) | |
| RICHARD K. JAMES ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant's motion to dismiss for pre-indictment delay (Doc. 18) has been considered, together with briefing, the record of a hearing before Magistrate Judge Gaddy with his report and recommendation (Doc 50), and with defendant's objection. For the reasons stated therein, the report and recommendation is hereby ADOPTED and the motion is DENIED.

Noting defendant's current emphasis on the theory of Government recklessness in delaying the indictment, I view this as a narrowly confined concept that does not fit this case. See <u>United States v. Lovasco</u>, 431 U.S. 783 (1977). In note 17 the opinion acknowledged the Government's concession that there could

1

be Due Process relief if delay was "incurred in reckless disregard of circumstances known to the prosecution , suggesting that there existed an appreciable risk that delay would impair the ability to mount an effective defense".  If the concession is currently sound law, this case lacks a material circumstantial basis for inferring recklessness.  In <u>United States v. Jackson</u>, 446 F.3d 847  (8th Cir. 2006) the recklessness theory was referred to in footnote  2 as dicta by the Supreme Court and seems notably missing from common practice.  The 11th Circuit has rejected the theory.  <u>Stoner v. Graddick</u>, 751 F.2d 1535 (1985) and I believe its status in the 8th Circuit and the Supreme Court is debatable. Recklessness has been repeatedly rejected as a defense theory by the Circuit, although it remains possible that very special circumstances might qualify for relief.  In this case it seems speculative that the hoped-for witness Gray would have been available if the indictment had been filed earlier, or would not be equally available today, since it was not difficult to make contact through Gray's aunt. Gray had Fifth Amendment concerns that made and continue to make testimony quite unlikely, even if he could be run down.  There was a request for counsel early on, which under the circumstances would likely suggest to prosecutors that the privilege against self-incrimination would be asserted. The conversation this year also supports that likelihood.  Testimonial availability was and remains speculative.  In any event,

given the Government's normal right to rely on the statute of limitations, and no specific alert to a significantly helpful witness being available earlier but not later, what appears here to be rather normal prosecutorial conduct (absent proof to the contrary) cannot be labelled "reckless" conduct, both culpable and harmful.

SO ORDERED.

s/ HOWARD F. SACHS

**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

December 8, 2020

Kansas City, Missouri